FILED

2008 Jan-07  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DEBORAH A. ROBERTS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   5:07-CV-00020-LSC |
| | ] |
| MICHAEL J. ASTRUE,[1] | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OF OPINION

I.    Introduction.

The claimant, Deborah A. Roberts, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI"), and disabled widow's insurance benefits.  Ms. Roberts timely pursued and exhausted her

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of the Social Security Administration.  Therefore, pursuant to Federal Rule of Civil Procedure 25(d)(1), Astrue is substituted as the proper defendant in this case.

administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Roberts was fifty-two years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education.  Her past work experience includes employment as a manufactured building electrician. (Tr. at 15.)  Ms. Roberts claims that she became disabled on October 31, 2002, due to back problems, high blood pressure, high cholesterol, and depression.  (*Id.*)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These impairments must be severe and must meet the durational requirements

before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. (*Id.*) If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to

consider the claimant's RFC, as well as the claimant's age, education, and

past work experience in order to determine if he or she can do other work.

20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v).  If the claimant can do other

work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms.

Roberts met the nondisability requirements for a period of disability, DIB,

and disabled widow's insurance benefits, and was insured through the date

of his decision.  (Tr. at 23.)  He further determined that Ms. Roberts has not

engaged in substantial gainful activity since the alleged onset of her

disability.  (*Id.*)  According to the ALJ, Plaintiff's lumbar degenerative disk

disease with a history of spinal fusion and essential hypertension, together,

are considered "severe" based on the requirements set forth in the

regulations.  (*Id.*)  However, he found that these impairments neither meet

nor medically equal any of the listed impairments in Appendix 1, Subpart P,

Regulations No. 4.  (*Id.*)  The ALJ did not find Ms. Roberts' allegations to be

totally credible, and he determined that she has the residual functional

capacity "to perform light exertional work activity.  Any pain the claimant

would have would be moderate or less, and she would be precluded from

balancing, being around hazardous machinery, unprotected heights, ropes, ladders, scaffolding, or constant reaching." (*Id.*)  Based on this finding, the ALJ found that Ms. Roberts is unable to perform any of her past relevant work.

The ALJ then applied Medical-Vocational Rule 202.14 as a framework for his final consideration.  Employing the testimony of a vocational expert, the ALJ determined that Ms. Roberts could perform specific jobs that exist in a significant number in the national economy given her age, education, past work experience, and RFC.  (*Id.* at 23-24.)  Accordingly, the ALJ entered a finding that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id.* at 24.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401

(1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court

approaches the factual findings of the Commissioner with deference, but

applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d

1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh

evidence, or substitute its judgment for that of the Commissioner.  *Id.*  "The

substantial evidence standard permits administrative decision makers to act

with considerable latitude, and 'the possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's

finding from being supported by substantial evidence.'"  *Parker v. Bowen*,

793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting

*Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if

this Court finds that the evidence preponderates against the Commissioner's

decision, the Court must affirm if the decision is supported by substantial

evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for

"despite this deferential standard [for review of claims] it is imperative that

the Court scrutinize the record in its entirety to determine the

reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622,

624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards

is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

When Ms. Roberts filed the instant action on January 4, 2007, she alleged that the ALJ's decision was not supported by substantial evidence and was contrary to law and regulation.  (Doc. 1 at 1 ¶ 7.)  Ms. Roberts, however, failed to submit any brief, argument, list of authorities, or statement in support of her claims.  The Commissioner filed a brief (Doc. 7), and Ms. Roberts did not submit a reply.  Deadlines for submissions have passed, and the issues in this case are now ripe for decision.  Ms. Roberts has failed to point to any errors in the ALJ's opinion despite the fact that she has had three opportunities to do so: (1) her complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief.

This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence.  The ALJ did not err when he concluded that Ms. Roberts is not disabled.

IV.   Conclusion.

Because the Court finds that the Commissioner's final decision applies

the proper legal standards and is supported by substantial evidence, the

decision of the Commissioner will be affirmed by separate order.

Done this 2 day of January 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153
